# RULE 26(f) REPORT

**Case No.:** 22-cv-2405-RJD-SJB       **Date of Initial Conference:** September 15, 2022

**Plaintiff(s):** Securities and Exchange Commission

**Defendants(s):** Vale S.A.

## Phase 1 Discovery

*Phase 1 discovery entails reciprocal and agreed upon document production and other discovery necessary for a reasoned consideration of settlement.*

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _**September 15, 2022**_. *See* Fed. R. Civ. P. 26(a)(1)(C) ("Unless otherwise agreed upon, the date for completion will be 14 days following the Rule 26(f) conference.").

   (Alternatively, of because of the nature of the case, initial disclosures are not required check here: \_\_\_\_ ).

2. Date for exchange of discovery necessary for reasoned consideration of settlement: _**N/A**_. (This includes, where appropriate, executions of HIPAA records authorizations. Presumptively 60 days after initial conference).

3. Settlement Conference and Mediation

   a. <u>Option 1</u>: Date for initial settlement conference: _**January 12, 2023**_. (The parties should propose a date approximately 10-15 days after the completion of document exchange. Should the settlement conference be adjourned for any reason, the parties must still proceed forward Phase 2 discovery, unless the parties make a motion and the Court grant the extension of the existing deadlines.)

   b. <u>Option 2</u>: The parties wish to be referred to the EDNY Mediation Program for mediation to be completed in the next 60 days: _____.

## Phase 2 Discovery

*Phase 2 discovery is post-settlement conference discovery that takes the parties to dispositive motion practice.*

1. Because this is an appeal from final agency action, discovery is not required because the parties because intend to move directly to dispositive motion practice after the production of the certified administrative record. If so, please check here: \_\_\_\_, and proceed to Question 10. Otherwise, proceed to Question 2.

2. Time for amendment of the pleadings to add claims or join additional parties: **September 15, 2022.  Plaintiff does not intend to amend its complaint**. (*Presumptively 15 days post settlement conference.*)

3. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number permitted by plaintiff(s) _**TBD**_ and defendant(s) _**TBD**_.

4. Number of depositions by plaintiff(s) of: _**TBD**_ parties and non-parties.

5. Number of depositions by defendant(s) of: _**TBD**_ parties and non-parties. **After the parties have exchanged initial disclosures they will meet and confer regarding the number of interrogatories and depositions each party anticipates needing in this matter and will advise the Court should they need more than the number permitted under the Rules.**

6. Will any independent medical examinations (IMEs) be conducted? YES/**NO**. Time frame for any IMEs (or describe if additional recovery or surgical intervention required before IMEs can be scheduled):

7. Date for completion of fact discovery: _**February 1, 2024**_. (*Presumptively 5 months after settlement conference.*).  **The Parties agree that no depositions shall occur prior to February 28, 2023 unless a foreign witness is located in the U.S. prior to that time and available to be deposed.  The parties will work in good faith to ensure that depositions of any individuals or entities located outside the U.S. are coordinated such that no individual or entity that both the SEC and Defendant wish to depose is deposed more than once without good cause.**

8. Number of expert witness of plaintiff(s): _**0**_ medical; _**TBD**_ nonmedical.
Date for expert report(s): _**May 1, 2024**_.

9. Number of expert witness of defendant(s): _**0**_ medical; _**TBD**_ nonmedical.
Date for expert report(s): _**August 1, 2024**_.

Date for plaintiff's rebuttal expert report(s): _**September 16, 2024**_.

10. Date for completion of expert discovery: _**November 15, 2024**_. (*Presumptively 30 days following the final exchange of expert reports*).

11. Final date to take the first step in dispositive motion practice: _**Parties to meet and confer on contemplated motion(s) and briefing schedule by December 16, 2024**_. (*Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days post completion of expert discovery*).

12. Contemplated dispositive motions: **TBD**

13. Have counsel discussed the existence of electronically stored information, and discussed the location and production of such information, as required by Rule 26? **YES**/NO. Have the parties entered into an ESI protocol? **YES**/NO.

    Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case: _____).

14. Date for submission of any protective order for Court approval: _September 13, 2022_.

15. Details on Rule 26(f) meeting

    a. Date meeting held: **August 16, 2022**
    b. Plaintiff(s)' representative(s) who participated: **Dean M. Conway, David Nasse**
    c. Defendant(s)' representative (s) who participated: **Jennifer Kennedy Park, Lev Dassin, Samuel Levander**

16. For cases where basis of subject matter jurisdiction is diversity:

    a. Is any party an LLC or partnership? YES/NO. If yes, list all members of LLC or partnership and their respective states of citizenship:
    b. Citizenship of each plaintiff:
    c. Citizenship of each defendant:

17. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C § 636(c)? YES/**NO**. *(Answer no if any party declines to consent without indicating which party has declined.)*

18. Please list counsel for each side that will be appearing at the initial conference:

    **Plaintiff Securities and Exchange Commission: David Nasse, Dean M. Conway**

    **Defendant Vale S.A.: Jennifer Kennedy Park, Lev Dassin, Jared Gerber, Andrew Weaver, Pedro Martini, Samuel Levander, Guilherme Duraes**