UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

VALE S.A.,

                Defendant.

Case No. 22-CV-2405 (RJD) (SJB)

## PROTECTIVE ORDER

The Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**. As used in this Order:

    a. Action refers to the above-captioned litigation.

    b. Discovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Discovery Material under Paragraph 2 and has been so designated by either a Party or a non-party (in each case, a "Designating Party").

    c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2) **Confidential Discovery Material**. This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

    a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit

    practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

   b.   Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

   c.   Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

   d.   Medical or mental health information;

   e.   Records restricted or prohibited from disclosure by statute;

   f.   Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material; and

   g.   Any other information the Designating Party reasonably believes in good faith constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information, or constitutes or contains information the Designating Party is contractually or legally obligated to keep confidential.

3)   **Manner of Confidential Designation**.  A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

   a.   As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

   b.   If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

   c.   In the case of electronically stored information produced in native format, documents shall be designated as Confidential Material by including

"CONFIDENTIAL" in the file or directory name, or by affixing the legend "CONFIDENTIAL" to the media containing the Discovery Material (e.g., CD-ROM, USB, DVD).

d. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

e. Testimony (including exhibits) during an oral deposition or other pre-trial testimony shall be designated as "CONFIDENTIAL" by: (i) a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, sent to all counsel of record by the Designating Party within ten (10) business days of receipt of the rough or final transcript (whichever is earliest) designating the entire transcript or portions thereof. Prior to such time, all portions of the deposition transcript shall be considered to have been designated "Confidential." Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript. Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter shall mark those portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE
> CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND
> COVERED BY A STIPULATED PROTECTIVE ORDER.

4) **Redaction of Confidential Material.** Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

a. For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

b. For any matter that any Designating Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED – PII" and specify that the basis for the redaction was to protect personal data from unauthorized disclosure concurrently with its claims of privilege pursuant to Rule 26(b)(5)(A). The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in

Paragraph 15.

5) **Upward Designation of Discovery Material.**

   a. A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential") provided that said Party has a basis under Paragraph 2 of this Order to so designate.

   b. Upward designation shall be accomplished by providing written notice to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated. Thereafter, the upwardly designated Discovery Material will be treated as Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Paragraph 15 below.

6) **Timing of Confidential Designation**.

   a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced.

   b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

7) **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive Confidential Discovery Material (hereinafter "Qualified Recipient") are:

   a. The Parties and the directors, officers, managers, members, and employees of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

   b. Legal counsel representing the Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

c.  Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

d.  Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Discovery Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of confidential Discovery Material and may not retain any such material;

e.  Consulting or testifying expert witnesses retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

f.  Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

g.  Other employees or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

h.  Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

i.  The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

j.  Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

k.  The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

l.  Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

5

8) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

   a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Appendix A before receiving confidential Discovery Material.

   b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" is prohibited as set forth herein.

   c. Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Appendix A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

9) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

10) **Limitations on Use**.

    a. Confidential Discovery Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the persons identified in Paragraph 7. Review of the confidential documents and information by these individuals shall not waive the confidentiality of the documents or objections to production.

    b. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

    c. Counsel for each Party shall maintain copies of all Non-Disclosure Agreements executed by persons who received access to Confidential Material from that Party. If disclosure to any person or entity is ordered by the Court *sua sponte*, the Non-Disclosure Agreement of the recipient shall be maintained by counsel for the Party that produced the disclosed information. Counsel for each Party shall, upon written request by another Party, provide a copy of any Non-Disclosure Agreement maintained by such counsel pursuant to the first sentence of this Paragraph to the

  requesting Party within five (5) days of receipt of such written request; provided, however, that such requests must specify the signatory by name.

11)  **SEC Uses of Confidential Information**

 a.  Notwithstanding paragraphs 7-10 or any other provision of this Confidentiality and Protective Order to the contrary, nothing in this Protective Order shall:

- limit or restrict SEC's retention, use, or disclosure of Confidential Information for any of the "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena"), or otherwise interfere with the use of information for law enforcement activities or to regulate and administer the federal securities laws;

- apply to or in any manner condition, limit, or infringe the Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Confidential Information with other federal, state, local, or foreign law enforcement and/or regulatory agencies; or

- limit or restrict the retention, use, or disclosure of Confidential Information to the extent the SEC or its staff determines that such retention, use, or disclosure is required by the Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA"), or to fulfill the SEC's recordkeeping, governmental reporting, or archival obligations.

 b.  Plaintiff agrees that if counsel of record receives notice of a FOIA request for any Confidential Information designated by Defendants, they will notify Defendants in sufficient time in advance of any disclosure, so that Defendants may timely object to any such disclosure.

12)  **Maintaining Confidentiality**.  Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for the prosecution of, defense of, appeal of, attempted settlement of or the enforcement of insurance rights with respect to, the Litigation, and only as provided in this Order, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients.  Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

13)  **Copies**.  Discovery Material designated as "CONFIDENTIAL" shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the Court.  However, nothing herein shall restrict a Qualified Recipient from

loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

14) **Docket Filings**. In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court. Nothing in this agreement shall constrain the Court's ability to restrict or permit public access to documents filed on the docket or alter the standards under which public access to documents is to be determined. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

15) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation must begin the process by providing written notice to the Designating Party and counsel for all other Parties identifying with particularity the Confidential Material whose designation is being challenged (i.e., by Bates number, page range, deposition transcript lines, etc.) and the basis for the challenge, and thereafter meeting and, upon notice to counsel for all Parties, conferring with counsel for the Designating Party. In conferring, the challenging Party or non-party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the Confidential Material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge in writing no later than five (5) business days after the meet-and-confer. If the parties are unable to resolve the dispute without court intervention, they shall write to the Court by electronically filing a letter not exceeding five pages in length, exclusive of attachments. A response not exceeding five pages in length, exclusive of attachments, must be served and filed within four days of receipt of the letter, unless a motion for additional time is granted. The party that produced the information designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

16) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed in camera or under other conditions to prevent unnecessary disclosure. Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party five business (5) days in advance, and seek to challenge the designations of such Confidential Material.

17) **Return or Destruction of Documents**.  Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL".  The destroying party shall notify the producing party when destruction under this provision is complete.  If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL", that material shall be returned to the Producing Party or the Producing Party's counsel.  This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

18) **Production from Pre-Complaint Investigation.**  Defendants reserve the right to designate as "Confidential" any Discovery Material previously produced by the Defendant to the Commission in the investigation captioned *In the Matter of Vale, S.A.* (HO-13888).

19) **Modification**.  This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires.  Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

20) **Additional Parties to Litigation**.  In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

21) **Confidential Material Subpoenaed or Ordered Produced in Other Litigation.**  Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "Demand"), provided that such Receiving Party, to the extent permitted by law, gives written notice to the Designating Party as soon as reasonably permitted by the time allowed under the request, and in no event more than ten (10) business days before any disclosure unless prohibited by law.  Such notification must include a copy of the Demand.  Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand.

   a. The Receiving Party must also immediately inform in writing the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

   b. The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

   c. Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

22) **Inadvertent Disclosure of Protected Discovery Material**.  Inadvertent failure to

9

designate Discovery Material as "Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" pursuant to this Order.

a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated. Thereafter, the re-designated Discovery Material will be treated as Confidential Discovery Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward. Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Confidential Material to each Party reflecting the change in designation.

b. Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized under this order shall exercise its best efforts to ensure: (i) the return and destruction of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Discovery Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in this Order.

Dated: September 15, 2022

/s/ Jennifer Kennedy Park
Jennifer Kennedy Park

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
212-225-2000

Dated: September 15, 2022

/s/ Dean M. Conway
Dean M. Conway

SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, D.C. 20549
202-551-4412

Dated:

                                                                                            _____
SANKET J. BULSARA
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

    v.

VALE, S.A.,

                             Defendant.

**EXHIBIT A**

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____                        _____
Printed Name                                                                  Signature